FILED
Jan 05, 2026
10:03 AM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| JEFFERY SHERWOOD, <br>     **Employee,** <br> v. <br> JUSTWORKS EMPLOYMENT <br> GROUP, <br>     **Employer,** <br> And <br> AMERICAN ZURICH INSURANCE <br> COMPANY, <br>     **Carrier.** | )   Docket No. 2022-03-0486 <br> ) <br> ) <br> ) <br> ) <br> )   State File No. 15368-2020 <br> ) <br> ) <br> ) <br> )   Judge Pamela B. Johnson <br> ) |

---

## COMPENSATION ORDER

---

Jeffery Sherwood was injured at work, and Justworks accepted the claim. The parties settled with open medical benefits. Mr. Sherwood now seeks a change of physician, lost wages, and various other damages and penalties. Justworks denied any liability and moved for summary judgment. For the reasons below, the Court holds that Mr. Sherwood is not entitled to the requested benefits.

### History of Claim

Mr. Sherwood injured his left shoulder and both elbows in a fall from a scooter at work on January 28, 2020. Justworks accepted the claim and paid medical and temporary benefits. Mr. Sherwood treated with Dr. Robert Smith, who placed Mr. Sherwood at maximum medical improvement on April 29, 2021, with 5% permanent medical impairment. The Court approved a settlement for permanent disability and open future medical benefits in August 2022.

After the settlement, Mr. Sherwood underwent surgery by Dr. Smith in August 2024 and was taken off work.

In May 2025, Mr. Sherwood filed a petition for benefit determination alleging that Justworks denied treatment by refusing his request for a new panel of orthopedic specialists

due to his loss of confidence in Dr. Smith. He additionally requested lost wages for time off work after surgery, damages for emotional distress and pain and suffering, punitive damages, and various penalties for delays in treatment.

At a hearing, the Court explained that a compensation hearing is the proper procedure to compel medical benefits under an open-medicals provision in an approved settlement. The Court also discussed the burden of proof at the compensation hearing and the type of medical proof required. The Court entered a scheduling order including setting expert disclosure and prehearing deadlines, deadlines to file dispositive motions, and the compensation hearing.

In a later memo, Mr. Sherwood withdrew his claims for emotional distress, pain and suffering, and punitive damages. He stated that he would pursue his claims for:

- Delayed, denied, or obstructed medical care under the settlement agreement;
- Wage loss due to failure to provide treatment required for work eligibility;
- Reimbursement for emergency treatment of his work injuries;
- Violations of communication, scheduling, and authorization obligations; and,
- Statutory penalties arising from carrier misconduct.

He alleged the following statutory and regulatory violations:

- Section 50-6-204(a) for failure to furnish treatment for a compensable injury and/or delays in treatment;
- Section 50-6-204(d)(1) for refusal to reimburse emergency medical expenses;
- Section 50-6-118 for bad faith in claims handling and communication;
- Section 50-6-239 for failure to coordinate treatment per benefit entitlements, including the 25% bad-faith penalty under section 50-6-205;
- Rule 0800-02-24-.05 for denial without a reasonable investigation;
- Rule 0800-02-01-.06 for failure to offer an appropriate physician panel; and,
- Rule 0800-02-21-.15 for an untimely response/failure to supplement the record.

Mr. Sherwood also asked for reimbursement of injury-related medical care, regardless of authorization. He additionally requested lost wages due to missed appointments, denied documentation, and a communication breakdown that prevented his return to work. He finally requested penalties for each violation.

2

Justworks argued that Mr. Sherwood is not entitled to any relief. It asserted that it provided reasonable and necessary medical treatment for his work injury, and any delays in treatment were minimal and undeserving of penalties. Further, it is not responsible for unauthorized treatment or a bad-faith penalty for its refusal to pay for this treatment. Moreover, Mr. Sherwood is not entitled to additional temporary disability benefits after reaching maximum medical improvement.

Justworks moved for summary judgment set on the date of the compensation hearing, and Mr. Sherwood timely responded. Additionally, Justworks filed a motion to exclude witnesses and exhibits at the compensation hearing, which Mr. Sherwood opposed. Further, two hours before the compensation hearing, Mr. Sherwood filed an emergency motion for a determination on the record, which Justworks opposed.

## Law and Analysis

### *Motion for Determination on the Record*

The morning of the compensation hearing, Mr. Sherwood filed an emergency motion to decide the case on the record. He argued that he was medically unable to attend the hearing due to acute physical disability, severe and incapacitating pain, and resulting emotional distress.

Ruling from the bench, the Court denied the motion for several reasons. It was filed mere hours before the scheduled hearing and after the deadline for filing pretrial motions. Mr. Sherwood did not support the motion with medical documentation restricting him from participating in-person in the hearing. Further, Tennessee Compilation Rules and Regulations 0800-02-21-.22(7) (2023) requires motions for decisions on the record to be filed at least ten business days before the compensation hearing.

### *Motion for Summary Judgment*

Justworks moved to dismiss Mr. Sherwood's petition for benefit determination or for summary judgment, which the Court took under advisement. The Court need not decide the motion to dismiss because, for the reasons below, it holds that Justworks is entitled to summary judgment.

Justworks argued that no genuine issue of material fact exists and seeks dismissal of all of Mr. Sherwood's claims. It filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03 (2024). It properly supported the statement with the petition and attachments, its adjuster's affidavit, responses to its requests for admissions, and the scheduling order. The relevant facts are summarized below.

3

Justworks accepted Mr. Sherwood's claim, and he selected Dr. Smith from a panel. Dr. Smith placed him at maximum medical improvement, and the parties settled this claim, agreeing that Dr. Smith would provide future treatment related to the work injury. Dr. Smith treated Mr. Sherwood for over five years, performed multiple shoulder surgeries, never refused to treat Mr. Sherwood, and continues to treat him.

Mr. Sherwood sent several emails to Justworks's adjuster in March 2025 requesting payment for unauthorized treatment and seeking a new panel, as he was dissatisfied with Dr. Smith. The adjuster informed Mr. Sherwood that he was not entitled to change physicians and his visits to urgent care were unauthorized. The adjuster offered to schedule an appointment with Dr. Smith. Mr. Sherwood purportedly sent the adjuster an email agreeing to see Dr. Smith, but he did not follow up and instead filed a petition in May. Justworks's adjuster never received any medical bills from Mr. Sherwood for unauthorized treatment.

Before the events discussed above, Justworks's adjuster scheduled Mr. Sherwood's appointments in a timely manner given the doctor's availability. No treatment was denied. Mr. Sherwood saw Dr. Smith in February 2024 and underwent an MRI and began physical therapy in May. He saw Dr. Smith again in July, underwent surgery in August, returned to physical therapy in September, and saw Dr. Smith in September and October. He then returned in July and September 2025.

In his responses to requests to admit, Mr. Sherwood agreed that Dr. Smith "did not explicitly refuse treatment." He also admitted that the emergency room and urgent care treatment were unauthorized. Moreover, he admitted that damages under section 56-7-105 or tort law are not recoverable.

In his summary judgment response, Mr. Sherwood relied on his own affidavit, medical records, lists of statutory and regulatory violations, and a previously-filed motion to compel discovery. He admitted that his claim was accepted, Dr. Smith is the authorized treating physician, he reached maximum medical improvement, and he agreed to a settlement that the Court approved with Dr. Smith designated for future treatment.

However, he denied that Dr. Smith remains a suitable authorized physician or that he provided adequate care in a "functional sense." He argued that Dr. Smith released him to full duty only ten weeks after surgery and refused to complete return-to-work documentation required by his new employer. He contended that these actions constituted a constructive refusal of adequate care and obstructed his ability to return to work, justifying his request for a new panel. He denied that his panel request was due to mere dissatisfaction but argued that Dr. Smith's conduct rose to the level of negligence and misconduct. He further argued that the record creates a genuine issue of material fact about Dr. Smith remaining his authorized treating physician.

4

Mr. Sherwood further argued that genuine issues of material fact exist on other points. He denied that the entire claims-handling process in the months before his 2024 surgery involved misconduct resulting in an unreasonable delay in scheduling the surgery.

He also denied that the carrier never received the medical bills for the unauthorized treatment. He alleged that he notified Justworks of the outstanding bills and signed a release for Justworks to obtain them. While he admitted to not having previous authorization for the emergency room and urgent care treatment, he denied that the bills are non-reimbursable. He claimed the treatment was for an emergency treatment of an accepted injury.

Mr. Sherwood sought penalties under section 50-6-118 and 50-6-205 based on these points.

*Summary Judgment Standards*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

To prevail, Justworks must do one of two things: (1) submit affirmative evidence that negates an essential element of Mr. Sherwood's claim, or (2) demonstrate that Mr. Sherwood's evidence is insufficient to establish entitlement to benefits. Tenn. Code Ann. § 20-16-101 (2025); *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Justworks meets this burden, Mr. Sherwood must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, 477 S.W.3d 235 at 265.

Rule 56.03 imposes specific requirements that both parties must meet. *Thomas v. Zipp Express*, 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 n.4 (Mar. 15, 2017). Specifically, Rule 56.03 requires that Justworks file a statement of undisputed facts with citations to the record. Mr. Sherwood must then file a response to those fact statements, stating either agreement or disagreement with each fact. The Court must then determine whether under Rule 56.06 summary judgment is "appropriate."

*Application*

First, as to Mr. Sherwood's claims for lost wages or additional temporary disability benefits and a penalty for failure to pay under section 50-6-205, the Workers' Compensation Law is a complete substitute for an employee's common-law remedies for a work injury. *Id.* § 50-6-108. Because the Workers' Compensation Law is an exclusive remedy, damages such as lost wages are not recoverable.

5

Additionally, "it is well-settled that an [employee's] entitlement to temporary total disability benefits ends once the employee is able to return to work or has reached maximum medical improvement." *Wilson v. Dana Holding Corp.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 90, at *5 (Nov. 30, 2016). Moreover, the 25% penalty under section 50-6-205 only applies when an employer "fails to pay . . . temporary disability benefits within twenty (20) days after the employer has knowledge of any disability that would qualify for benefits[.]" *Lowder v. XPO Logistics Freight, Inc.*, 2019 TN Wrk. Comp. App. Bd. LEXIS 50, at *4-5 (Sept. 4, 2019).

Mr. Sherwood is not entitled to lost wages, additional temporary disability benefits, or any penalty for Justworks's failure to pay.

Next, regarding Mr. Sherwood's request for a new panel of physicians and an independent medical evaluation, Justworks accepted Mr. Sherwood's claim, and he selected Dr. Smith from a panel. When the parties settled, Dr. Smith was designated as the authorized physician for future treatment. To date, Dr. Smith has treated Mr. Sherwood for over five years, performed multiple shoulder surgeries, never refused to treat Mr. Sherwood, and continues to treat him.

Mr. Sherwood admitted that Dr. Smith did not explicitly refuse treatment but asserted that Dr. Smith failed to provide treatment in a "functional sense." He argued that Dr. Smith released him to full duty only ten weeks after surgery and refused to complete return to work documentation required by his employer. He contended that these actions constituted a constructive refusal of adequate care and obstruction to his ability to work, justifying his request. He denied that his request was due to mere dissatisfaction but argued that Dr. Smith's conduct rose to the level of negligence and misconduct. He contended that the record creates a genuine issue of material fact about Dr. Smith remaining his authorized physician.

The Workers' Compensation Law contains two applicable provisions governing medical benefits. First, section 50-6-204(a)(1)(A) requires an employer to furnish "medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident[.]" Second, an injured employee must "accept the medical benefits . . . provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." *Id.* § 50-6-204(a)(3)(A)(i); *see also Baker v. Electrolux*, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *7 (Oct. 20, 2017).

Mr. Sherwood admitted that Dr. Smith has not refused to treat and continues to treat him. While Mr. Sherwood may be dissatisfied with his treatment, he has identified no authority that requires Justworks to offer another panel. Justworks has satisfied its

6

obligation to furnish medical benefits made reasonably necessary by the accident, and Mr. Sherwood is obligated to accept those benefits.

Further, the Workers' Compensation Law does not give an employee the right to an independent medical evaluation but allows for a second opinion in limited circumstances (a recommendation for surgery). *Id.* § 50-6-204(a)(3)(C). This was not the case here. Thus, Mr. Sherwood's request for a second opinion lacks merit.

Turning now to Mr. Sherwood's request for payment of unauthorized treatment, generally an employer is not responsible for unauthorized treatment unless the employee establishes he was justified in obtaining the medical treatment without the employer's approval and the treatment was reasonable and necessary. *Gray v. Wingfoot Commer. Tire Sys.*, No. W2017-00380-SC-WCM-WC, 2018 Tenn. LEXIS 239, at *19-20 (Tenn. Workers' Comp. Panel May 21, 2018). Additionally, section 50-6-204 "makes it clear that the intent [of the Legislature] . . . was for the employee to certainly do no less than consult his employer before incurring the expenses called for by that statute if the employee expects the employer to pay for it." *Buchanan v. Mission Ins. Co.*, 713 S.W.2d 654, 658 (Tenn. 1986) (internal citations omitted).

Here, Mr. Sherwood presented no evidence that he consulted with Justworks's carrier before treating at the emergency room or urgent care. Rather, he admitted the care was unauthorized. Further, he has not offered any expert opinion in an admissible form that the treatment was reasonable and necessary or that the charges were usual and customary. Therefore, Justworks is not obligated to pay for unauthorized treatment.

Finally, regarding Mr. Sherwood's arguments for penalties, section 50-6-118 permits the referral of a party to the Compliance Program for investigation and assessment of a penalty under certain circumstances. A penalty referral is inappropriate here because Justworks is entitled to summary judgment.

Thus, because no genuine issues of material fact exist on any claim, Justworks is entitled to summary judgment as a matter of law. Mr. Sherwood's petition and his request for benefits are dismissed in their entirety with prejudice.

*Compensation Hearing-Motion in Limine*

If an appellate court finds Justworks is not entitled to summary judgment on all or some of these claims, the Court will address Justworks's motion in limine and proof at the compensation hearing.

The motion involved Mr. Sherwood's witness and exhibit list. He listed three lay witnesses. His proposed exhibits were: (1) his mediation package that included his position statement, medical and wage records, emails, argument justifying the physician change,

7

settlement statement for future medical benefits, and final summary; (2) his list of alleged bad-faith violations and penalties; and (3) his motion to compel and motion for change of authorized treating physician, including discovery responses, emails, his own declaration, the declaration of another lay witness, an unverified voicemail transcription, and medical records.

Justworks moved to exclude Mr. Sherwood's witnesses and exhibits, which Mr. Sherwood opposed. The Court held the motion in abeyance until the introduction of evidence at the hearing.

Neither Mr. Sherwood nor his proposed witnesses appeared for the hearing, so the motion to exclude the lay witnesses is denied as moot.

Justworks objected to Mr. Sherwood's proposed exhibit 1 as hearsay, irrelevant, lacking authentication and foundation, and because the documents contain legal argument instead of evidence. The Court sustained the objection and excluded all 110 pages.

Justworks also objected to Mr. Sherwood's proposed exhibit 2 as hearsay and legal argument. The Court sustained the objection and excluded the exhibit.

Justworks next objected to Mr. Sherwood's proposed exhibit 3 as hearsay, irrelevant, and lacking authentication and foundation. The Court sustained the objection except for Justworks's original and supplemental discovery responses, which it marked as Exhibit 1.

Mr. Sherwood also filed 127 pages of medical records. Justworks objected that the records are hearsay. Also, the first 70 pages predate the settlement and are irrelevant. Finally, it objected that the remaining 57 pages of records are hearsay, irrelevant, and not admissible to determine causation or the reasonableness and necessity of Mr. Sherwood's unauthorized treatment. The Court took the objection under advisement and marked the collective document as Exhibit 2 for Identification Only. The Court sustains the objections and excludes all medical records.

Justworks then moved to introduce Mr. Sherwood's responses to its requests to admit, which the Court accepted and marked as Exhibit 3.

### Findings of Fact and Conclusions of Law

Regarding the substantive relief that Mr. Sherwood seeks, the only potentially recoverable claims he made are those for additional temporary disability benefits and the 25% bad-faith penalty, a new physician panel and/or second opinion, payment of unauthorized medical treatment, and a referral for penalty. Mr. Sherwood bears the burden

of proof and must show by a preponderance of the evidence that he is entitled to the requested benefits. *Id.* § 50-6-239(c)(6).

The legal authority supporting summary judgment applies to these issues as well. Therefore, the Court finds that Mr. Sherwood has not shown by a preponderance of the evidence that he is entitled to the requested benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Under the terms of the settlement, Justworks shall provide reasonable and necessary, causally-related medical care for Mr. Sherwood's injuries under Tennessee Code Annotated section 50-6-204. Dr. Smith shall remain the authorized treating physician.

2. Justworks shall pay the $150.00 filing fee within five business days of entry of this order, for which execution may issue.

3. Unless appealed, this order shall become final 30 calendar days after entry.

**ENTERED January 5, 2026.**

**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Justworks's original and supplemental discovery responses
2. Medical Records and Table of Contents (marked for identification only)
3. Mr. Sherwood's Responses to Requests to Admit

## CERTIFICATE OF SERVICE

I certify that a copy of the order was sent as shown on January 5, 2026.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Jeffrey Sherwood, Self-Represented Litigant | X | | 942 Biddle Street Knoxville, TN 37914 |
| | | X | jeffgsherwood@gmail.com |
| Travis Ledgerwood Employer's Attorney | | X | travis.ledgerwood@zurichna.com |

*Penny Shrum*

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

10



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____     ☐ Employer ☐ Employee

Address: _____     Phone: _____

Email: _____

Attorney's Name: _____     BPR#: _____

Attorney's Email: _____     Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month      Medical/Dental  $ _____ per month

Groceries        $ _____ per month        Telephone      $ _____ per month

Electricity      $ _____ per month        School Supplies $ _____ per month

Water            $ _____ per month        Clothing       $ _____ per month

Gas              $ _____ per month        Child Care     $ _____ per month

Transportation   $ _____ per month        Child Support  $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile           $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                $ _____      (FMV) _____

Other                $ _____      Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____          _____

_____          _____

_____          _____

_____          _____


**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**


_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires:_____